**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-3928-RMR

JOHAN JAVIER DUARTE-JAVALERA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Petitioner Johan Javier Duarte-Javalera ("Petitioner") lawfully entered the United States in early 2025. ECF No. 1 ¶ 19. In September 2025, he was arrested and charged with vehicular assault and leaving the scene of an accident. *Id.* ¶¶ 20-21. While those charges were pending, Petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 22. On December 17, 2025, Petitioner was given a bond hearing, and the Immigration Judge denied release on bond finding that he was a danger to the community due to the pending criminal charges. *Id.* ¶ 23. On May 20, 2026, the Immigration Court held a merits hearing for that removal case and ordered Petitioner

removed to Mexico. *Id.* ¶¶ 24, 26. The Immigration Court ordered Petitioner removed to Mexico. *Id.* ¶ 26. It also denied his request for an immigration bond. *Id.* Petitioner then appealed. *Id.* ¶ 24. While his appeal was pending, Petitioner's criminal charges were dropped, and he accordingly filed motions to remand his appeal to the Immigration Court and to hold a custody redetermination hearing. *Id.* ¶ 25. On August 14, 2026, the Immigration Court denied Petitioner's motion for a custody redetermination hearing. *Id.* ¶ 26. It found that Petitioner posed a flight risk because of his pending appeal. *Id.* Petitioner challenges the Immigration Court's decision to deny bond based on a pending appeal. *Id.* Petitioner remains in ICE custody. *Id.* ¶ 38. Petitioner now challenges the Immigration Court's decision and his continued detention. *Id.* ¶ 26. He filed a Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, seeking his immediate release or, in the alternative, a bond hearing at which Respondents must demonstrate by clear and convincing evidence that continued custody of any kind is necessary. *Id.* at 37-8.[1] Respondents "are not submitting a brief in opposition to the Petition" and "recognize that the Court may then decide to grant the Petition and award appropriate relief." ECF No. 9.

Given Respondents' response, the Court grants the Petition. With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified."

---

[1] Respondents filed a response, ECF No. 9, and Petitioner filed a reply, ECF No. 10.

*See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's

transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
5. On or before **September 10, 2026**, Respondents shall file a status report certifying compliance with this Order; and
6. Because Petitioner has received the relief requested, Petitioner's Motion for a Temporary Restraining Order, ECF No. 2, is **DENIED** as moot.

DATED: September 3, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge